Opinion of
Justice PAUL S. BERMAN,
concurring in part and dissenting in part.
[1] I fully concur with the majority’s thorough explanation of the appropriate grounds for granting bail under Hopi Tribal Ordinance 21 and this court’s decision in Norris v. Hopi Tribe, 98-AC-007 (Hopi Ct.App., decided 11/28/1998). I also agree with the majority that the trial court erred in unilaterally “departing from Norris” in setting bail in this case. As the majority explains, the Hopi Tribal Court is bound to apply the law, as adopted by the Tribal Council and interpreted by the Hopi Court of Appeals. Accordingly, it was clearly error for the trial court to rely on safety concerns in deciding whether to grant release pending trial or in setting the appropriate amount of bail. Whatever the strengths and weaknesses of Ordinance 21 as a matter of policy, the question of setting bail policy lies with the Tribal Council, not this court and certainly not the Tribal Court.
[2] Given that all members of this court agree that the trial court committed clear error in setting the appropriate bail, I believe the proper course would be to grant the petition and then send the case back to the Tribal Court so that the judge can reconsider the appropriate bail amount using the proper legal standard. Instead, the majority takes it upon itself to declare the judge’s error harmless, relying on several ancillary statements of the trial judge that, on their own terms, offer only weak evidence that bail was warranted. For example, the majority seems willing to assume that any time a tribe member takes a step off reservation that is sufficient evidence of a flight risk to warrant bail. Especially in light of the trial judge’s open defiance of settled law and confused statements about the basis for setting bail, I believe the sound course is instead to return the case to the trial judge so that the various legitimate bail factors can be analyzed in a coherent framework that would allow for effective review by this court Certainly it was an abuse of discretion to consider factors foreclosed by Ordinance 21. On the state of the current record, I am not prepared to say that the Tribal Court’s clear abuse of discretion constituted only harmless error. Accordingly, I respectfully dissent.